IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS ALBANO,

    Plaintiff,

v.

No. 04 C 5291

ROADWAY EXPRESS, INC.
and INTERNATIONAL BROTHERHOOD
OF TEAMSTERS LOCAL 710,

    Defendant.

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Defendant Roadway Express, Inc.'s ("Roadway") motion for judgment on the pleadings on Counts II and III of the complaint. For the reasons stated below, we deny Roadway's motion for judgment on the pleadings in its entirety.

## BACKGROUND

Plaintiff Thomas Albano ("Albano") was employed as a dock worker for Roadway beginning in 1988. Albano was a member of the International Brotherhood of Teamsters Local 710 ("Local 710") through the duration of his

1

employment with Roadway. During Albano's employment with Roadway, Local 710 and Roadway were parties to a collective bargaining agreement that covered the terms and conditions of Albano's employment. The collective bargaining agreement provided that Albano could not be discharged without just cause.

Albano, who was employed with Roadway until October of 2002 readily acknowledges that during that period of employment he "had a history of complaining about safety violations at Roadway" and that he "had a history of complaining about the manner in which Local 710 was representing its members." (Compl. par. 10, 11). According to Albano, finally in February 2002, Frank Wsol, the Secretary Treasurer of Local 710, told Albano that if he continued to file complaints against Local 710 he would regret it.

In the fall of 2002, the Occupational Safety and Health Association ("OSHA") attempted to inspect Roadway's Sauk Village terminal for alleged safety violations. Roadway refused to allow the OSHA inspectors on the premises. An article subsequently appeared in the Times of Northwest Indiana regarding the attempted inspection by OSHA. The article quoted Albano and indicated that Albano was the person "accusing Roadway of safety violations." (Comp. Par. 14). In November of 2002, Albano complained to the Illinois State Fire Marshal about fire safety at Roadway. Agents of the Illinois State Fire Marshal and the Sauk Village Fire Marshal then proceeded to inspect the premises of Roadway. Albano alleges that later in November of 2002, he "made a report to Sauk Village Police about

comments made at work by a supervisor." (Compl. Par. 17). On November 22, 2002, Albano was discharged by Roadway.

Albano grieved his discharge by Roadway. At the grievance hearing, the joint labor-management grievance committee was deadlocked and Local 710 proceeded to arbitration under the terms of the collective bargaining agreement. The arbitration discharge is still pending. In July of 2003, Albano filed a National Labor Relations Board ("NLRB") charge against Local 710.

In September of 2003, after being nominated for the position of recording secretary with Local 710, Albano attempted to campaign in the Local 710 officer election on Roadway property. Albano claims that Roadway "removed" him from the property. (Compl. Par. 24). Albano alleges that on September 12, 2003, Roadway discharged Albano again despite the fact that he had never been reinstated by Roadway for his first discharge. Albano claims that the second discharge was issued in order to ensure that he could not be reinstated if he won the arbitration of his November 22, 2002 discharge. Albano grieved the alleged second discharge by Roadway and filed an additional grievance against Roadway for the refusal to produce documents necessary for the grievance. According to Albano, the joint labor-management grievance committee agreed to hear both his grievances on or about January 8, 2004 at 9:00a.m.

Albano claims that on the date of the hearing, he arrived before 9:00 a.m. at the hearing location and informed Local 710 that his case had to be called before

1:00 p.m. because he had to leave for work. Albano alleges that he also asked Local 710 to request that his case be continued because Roadway had not produced the requested documents. According to Albano, at 2:00 p.m. he told counsel for Local 710 that he had to leave and that "Albano assumed that Local 710 would reschedule the joint grievance hearing on his discharge because it had not been held as scheduled at 9:00 a.m." (Compl. par. 31).

Albano claims that subsequently in January of 2004, Albano's attorney wrote a letter to Local 710's attorney inquiring as to the status of Albano's grievances and asking that Local 710 grieve the matters and take them to arbitration if necessary. Albano alleges that counsel for Local 710 responded in a letter dated February 12, 2004 indicating that Local 710 had defaulted the hearing because Albano was not present at the hearing.

Albano then brought the instant action against Roadway and Local 710. Albano filed a three count complaint including a breach of duty of fair representation claim against Local 710 (Count I), a breach of contract claim against Roadway (Count II) based upon 29 U.S.C § 185, and a retaliatory discharge claim against Roadway (Count III). On December 2, 2004, Albano filed a stipulated motion to dismiss Count I which was granted by this court on December 3, 2004. Roadway has moved for a judgment on the pleadings on the remaining counts. We note that although Roadway was given until January 13, 2005 to file a reply brief, no reply brief was filed by Roadway.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* n.3.

A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for judgment on the pleadings a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 453 n. 5.

## DISCUSSION

Roadway argues that it is entitled to judgment on the pleadings on the breach of contract claim (Count II) because the claim against Local 710 was dismissed in this action. When a plaintiff sues his employer for breaching a collective bargaining agreement and sues his union for breaching its duty of fair representation, such claims are referred to by the Seventh Circuit as "a hybrid suit because it is comprised of two causes of action that are 'inextricably interdependent.'" *McLeod v. Arrow Marine Transport, Inc.,* 258 F.3d 608, 613 (7th Cir. 2001).

In *Ooley v. Schwitzer Div., Household Mfg. Inc.,* 961 F.2d 1293 (7th Cir. 1992), the Seventh Circuit explained that a court should address "allegations that an

employer breached a collective bargaining agreement that contains an arbitration clause only when the employee can prove that 'the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" *Id.* at 1297-98; *see also Shepherd v. Department of Children and Family Servs., State of Ill.*, 1995 WL 151837, at *1 (N.D. Ill. 1995)(citing *Ooley* for the proposition that "[a] union employee can bring an individual "hybrid" claim against the employer and union if he or she can show that the employer breached the collective bargaining agreement and the union breached its duty of fair representation."). For a duty of fair representation claim a plaintiff must establish that the union's conduct towards a union member was "arbitrary, discriminatory, or in bad faith,"*McLeod*, 258 F.3d at 613, and in evaluating a duty of fair representation claim a court must remain "focused solely on the union's motive and not the possible inept nature of a union's actions." *Ooley*, 961 F.2d at 1301

Roadway argues that the fact that Albano voluntarily dismissed the duty of fair representation claim against Local 710 shows that Local 710 did not breach its duty of fair representation and that the breach of contract claim against Roadway must correspondingly be dismissed. However, in the instant action, Local 710 was voluntarily dismissed as a defendant and there has been no determination regarding whether Local 710's actions were "intentional, invidious, and directed at the employee" and there has been no determination regarding Local 710's motives for its alleged actions. The Seventh Circuit has acknowledged that in a hybrid claim

7

scenario, a plaintiff is not required to sue both the employer and the union and that he can choose to "sue one defendant and not the other. . . ." *International Union of Elevator Constructors v. Home Elevator Co., Inc*, 798 F.2d 222, 227 (7th Cir. 1986); *see also Balsamo v. One Source, Northern Regional Commuter Railroad Corp*, 2005 WL 396303, at*3 (N.D. Ill. 2005)(finding that "[a]lthough the breach of duty allegation against the Union is a predicate to this 'hybrid' Section 301 breach of contract claim, the Union itself is not a necessary party to this action"). Thus, Albano is not precluded from bringing a claim solely against Roadway for a breach of the collective bargaining agreement.

Albano specifically alleges in the complaint that Local 710 breached its duty of fair representation. (Compl. Par. 39, 41). Albano also specifically alleges that the Local 710's actions were "arbitrary, discriminatory and in bad faith" and provides allegations that could possibly if proven true indicate such a conclusion. (Compl. Par. 40). Therefore, we deny Roadway's motion for judgment on the pleadings on the breach of contract claim (Count II). The only argument presented by Roadway in regards to the retaliatory discharge claim (Count III) is that this court should dismiss the claim since this court only has supplemental jurisdiction over the claim. However, in light of the above ruling regarding Count II, Roadway's supplemental jurisdiction argument is moot. Therefore, we deny Roadway's motion for judgment on the pleadings on Count III.

## CONCLUSION

Based on the foregoing analysis, we deny Roadway's motion for judgment on the pleadings in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 24, 2005