

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

AUG 2 5 2005

Judge Samuel Der-Yeghiayan
U.S. District Court

Thomas Albano,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )    No. 04 C 5291
                                        )
Roadway Express, Inc. and International  )
Brotherhood of teamsters Local 710,     )
                                        )
    Defendants.                         )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Roadway Express, Inc.'s ("Roadway") motion for summary judgment and Plaintiff Thomas Albano's ("Albano") motion for judgment on the pleadings. For the reasons stated below, we grant Roadway's motion for summary judgment and deny Albano's motion for judgment on the pleadings.

## BACKGROUND

Albano was employed as a dock worker for Roadway beginning in 1988. Albano was a member of the International Brotherhood of Teamsters Local 710 ("Local 710") through the duration of his employment with Roadway. During

1

Albano's employment with Roadway, Local 710 and Roadway were parties to a collective bargaining agreement that covered the terms and conditions of Albano's employment. The collective bargaining agreement provided that Albano could not be discharged without just cause. Albano, who was employed with Roadway until October of 2002 readily acknowledges that during that period of employment he "had a history of complaining about safety violations at Roadway" and that he "had a history of complaining about the manner in which Local 710 was representing its members." (Compl. par. 10, 11). According to Albano, finally in February 2002, Frank Wsol, the Secretary Treasurer of Local 710, told Albano that if he continued to file complaints against Local 710 he would regret it.

In the fall of 2002, the Occupational Safety and Health Association ("OSHA") attempted to inspect Roadway's Sauk Village terminal for alleged safety violations. Roadway refused to allow the OSHA inspectors on the premises. An article subsequently appeared in the Times of Northwest Indiana regarding the attempted inspection by OSHA. The article quoted Albano and indicated that Albano was the person "accusing Roadway of safety violations." (Comp. Par. 14). In November of 2002, Albano complained to the Illinois State Fire Marshal about fire safety at Roadway. Agents of the Illinois State Fire Marshal and the Sauk Village Fire Marshal then proceeded to inspect the premises of Roadway. Albano alleges that later in November of 2002, he "made a report to Sauk Village Police about comments made at work by a supervisor." (Compl.Par. 17). On November 22, 2002,

2

Albano was discharged by Roadway.

Albano grieved his discharge by Roadway. At the grievance hearing, the joint labor-management grievance committee was deadlocked and Local 710 proceeded to arbitration under the terms of the collective bargaining agreement. The arbitration discharge is still pending. In July of 2003, Albano filed a National Labor Relations Board ("NLRB") charge against Local 710. In September of 2003, after being nominated for the position of recording secretary with Local 710, Albano attempted to campaign in the Local 710 officer election on Roadway property. Albano claims that Roadway "removed" him from the property. (Compl.Par. 24). Albano alleges that on September 12, 2003, Roadway discharged Albano again despite the fact that he had never been reinstated by Roadway after his first discharge. Albano claims that the second discharge was issued in order to ensure that he could not be reinstated if he won the arbitration of his November 22, 2002 discharge. Albano grieved the alleged second discharge by Roadway and filed an additional grievance against Roadway for the refusal to produce documents necessary for the grievance. According to Albano, the joint labor-management grievance committee ("Committee") agreed to hear both his grievances on or about January 8, 2004 at 9:00a.m.

Albano claims that on the date of the hearing, he arrived before 9:00 a.m. at the hearing location and informed Local 710 that his case had to be called before 1:00 p.m. because he had to leave for work. Albano alleges that he also asked Local 710 to request that his case be continued because Roadway had not produced the

3

requested documents. According to Albano, at 2:00 p.m. he told counsel for Local 710 that he had to leave and that "Albano assumed that Local 710 would reschedule the joint grievance hearing on his discharge because it had not been held as scheduled at 9:00 a.m." (Compl. par. 31).

Albano claims that subsequently in January of 2004, Albano's attorney wrote a letter to Local 710's attorney inquiring as to the status of Albano's grievances and asking that Local 710 grieve the matters and take them to arbitration if necessary. Albano alleges that counsel for Local 710 responded in a letter dated February 12, 2004 indicating that Local 710 had defaulted the hearing because Albano was not present at the hearing. Albano then brought the instant action against Roadway and Local 710. Albano filed a three count complaint including a breach of duty of fair representation claim against Local 710 (Count I), a breach of contract claim against Roadway (Count II) based upon 29 U.S.C § 185, and a retaliatory discharge claim against Roadway (Count III). On December 2, 2004, Albano stipulated to the dismissal of Count I being brought against Local 710, leaving Albano as the only remaining Defendant. We note that although Albano initially was represented by counsel in this matter, this court allowed his counsel to withdraw on January 27, 2005, before the filing of the instant motions. Albano is currently proceeding *pro se.*

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most

favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212

5

F.3d 969, 972 (7th Cir. 2000).

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Craigs, Inc. v. General Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir.1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex,* 199 F.3d 363, 364 (7th Cir.2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir.1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* n.3

A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters,

contracts, and loan documentation. *Id.* at 452-53. In ruling on a motion for judgment on the pleadings a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 453 n. 5.

## DISCUSSION

### I. Motion for Summary Judgment

Roadway argues that it is entitled to summary on the breach of contract claim (Count II) because the claim is time-barred and there is insufficient evidence to establish that Local 710 breached its duty fo fair representation.

### A. Local Rule 56.1

Roadway has filed a statement of material facts along with its summary judgment motion as is required under Local Rule 56.1. However, Albano has not filed any response to Roadway's statement of material facts in accordance with the requirements in Local Rule 56.1. Local Rule 56.1. Albano is not excused from compliance with Local Rule 56.1 just because he is proceeding *pro se*. Roadway has complied with Local Rule 56.2 and has sent a proper notice to Albano explaining the

7

motion for summary judgment. In fact, the notice, specifically informed Albano that he would have to comply with Local Rule 56.1. A *pro se* litigant is required to comply with Local Rule 56.1. *Greer v. Board of Educ. of the City of Chicago, Illinois*, 267 F.3d 723, 727 (7th Cir. 2001); *Knights v. Williams*, 2005 WL 1838427 at *1-2 (N.D. Ill. 2005); *Laramore v. City of Chicago*, 2004 WL 2033005 at *2 (N.D. Ill. 2004). Therefore, all the facts in Roadway's statement of facts are deemed for summary judgment purposes to be undisputed. Local Rule 56.1; *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that "a district court is entitled to expect strict compliance with Rule 56.1" and that "[s]ubstantial compliance is not strict compliance."); *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000).

## B. Breach of Collective Bargaining Agreement

Roadway argues that there is insufficient evidence that it breached the collective bargaining agreement with Local 710. We agree. The evidence clearly shows that the grievance procedures were properly followed and that the binding final orders were properly issued at the culmination of the grievances. Albano has not pointed to any evidence that would enable a reasonable trier of fact to conclude that Roadway breached the collective bargaining agreement in any regard. Albano acknowledges as undisputed all of Roadway's statement of material facts. The bulk

8

of his answer to the summary judgment motion is merely an unsupported narrative regarding what he believes occurred during the times in question. However, discovery has been completed and Roadway has filed a motion for summary judgment and thus, the time for relying solely upon allegations has passed. Fed. R. Civ. P. 56(e). Therefore, we grant Roadway's motion for summary judgment on the breach of contract claim (Count II).

### B. Statute of Limitations

Roadway also argues that the breach of contract claim is barred by the statute of limitations. In a "suit by an employee against a union for breach of the duty of fair representation and an action against the employer under § 301 of the Labor Management Relations Act for breach of the collective bargaining agreement" the applicable statute of limitations for the claim against the union and the employer is six months. *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 302-03 (7th Cir. 1983). Generally, a statute of limitations period "begins to run . . . 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation].'" *Id.* at 304 (quoting in part *Hunderford v. United States*, 307 F.2d 99, 102 (9th Cir. 1962)).

In the instant action, Albano acknowledges that the Committee held the hearing when default was entered on January 8, 2004. (Compl. Par. 28, 34). Albano did not file the instant action until August 12, 2004, which is more than six months

9

after the final decision on Albano's grievance. Albano claims that he was not aware of the Committee's decision until February of 2004. (Compl. Par. 34). The evidence is clear that had Albano exercised any diligence in learning the result of the Committee's decision he would have known the result much sooner than February of 2004. Albano admits that Local 710 notified him by letter that the hearing before the Committee was scheduled for January 8, 2005, and that he was required to be present at the hearing or else the case would be automatically forfeited. (SF 25). Albano also admits that he was present at the hearing on January 8, 2005, and the Local 710 representative at the hearing warned Albano that if he chose to leave before his case was called his case would be defaulted. (SF 26). Albano admits that the Local 710 representative begged him not to leave. (SF 26). Yet, Albano admits that he left the hearing before his case was called. (SF 26). Albano should thus have been well aware that the Committee made some decision when it called his case and that there was at least a strong likelihood that the Committee defaulted his case.

A statute of limitations can be tolled in accordance with the equitable doctrines of equitable estoppel and equitable tolling. *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004). Under the doctrine of equitable estoppel the limitations period is estopped if the defendant engaged in conduct, such as fraudulent concealment, in order to prevent the plaintiff from filing suit within the period. *Id.* Under the Equitable tolling doctrine the statute of limitations period is tolled if, without the fault of the defendant, the plaintiff was unable to file suit within the

10

limitations period for some justifiable reason. *Id.* at 960. Neither of the equitable tolling doctrines are applicable in instant action. There is no evidence that anyone concealed the Committee's decision on January 8, 2004 from Albano or any reason as to why Albano could not have filed the instant action within the statutory period. In fact Albano admits that he merely "assumed that the Joint Committee had postponed it. . . ." (SF 30). Thus, to the extent that the breach of contract claim (Count II) against Roadway is based upon the events that occurred on January 8, 2004, or any other conduct that occurred prior to the six month limitations period is time-barred.

### C. Breach of Right to Fair Representation

Even if the breach of contract claim (Count II) was not time-barred the claim fails because there is not sufficient evidence for a reasonable trier of fact to conclude that Local 710 breached its duty of fair representation. A district court may only allow a claim based upon a breach of a collective bargaining agreement that contains an arbitration clause if "the employee can prove that 'the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" *Ooley v. Schwitzer Division, Household Manuf. Inc.*, 961 F.2d 1293, 1297-98 (7th Cir. 1992). For a breach of the duty of fair representation in the grievance process claim, a plaintiff must establish "that the union conduct was 'intentional, invidious, and directed at the employee.'" *Id.* (quoting in part *Martin v. Youngstown Sheet &*

11

*tube Co.*, 911 F.2d 1239, 1248 (7th Cir. 1990))(stating that the focus must be on "the union's motive and not on the possible inept nature of a union's actions).

In the instant action Albano has not pointed to evidence that would enable a reasonable trier of fact to conclude that Local 710 engaged in intentional or invidious conduct directed at Albano. Albano's answer to the summary judgment motion is merely unsupported argument as to his opinions and speculation and he has not pointed to sufficient evidence that would enable the trier of fact to conclude that Local 710 breached its duty of fair representation in regard to any of the grievances filed by Albano. In regards to the January 8, 2004 hearing, as is explained above, Albano admits pursuant to Local Rule 56.1 that Local 710 warned him that the case would be forfeited if he did not attend the hearing and remain at the hearing and that the Local 710 representative even begged him to stay at the hearing. (SF 25-26) Albano admits that despite these facts, he left the hearing before his case was called and merely assumed that the case had been continued in his absence. (25-26, 30). Albano has not pointed to any evidence that Local 710 could have obtained a continuation at the hearing. Based on such admissions, it is clear that no reasonable trier of fact could rule in Albano's favor on the breach of the duty of fair representation claim. Thus, since Albano cannot succeed on that claim, it follows that he cannot prevail on the breach of contract claim against Roadway (Count II) relating to the January 8, 2004 hearing. *Ooley*, 961 F.2d at 1297-98. Therefore, based upon all of the above analysis, we grant Roadway's motion for summary

12

judgment.

### D. Remaining State Claim

Roadway urges the court to relinquish its supplemental jurisdiction over the remaining state law retaliatory discharge claim. Albano states in his complaint that the court only has supplemental jurisdiction over the state law claim. (Compl. Par. 2). Under 28 U.S.C. § 1367(c)(3), a federal district court may dismiss a plaintiff's supplemental state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to dismiss supplemental claims is discretionary. *Larsen v. City of Beloit,* 130 F.3d 1278, 1286 (7th Cir.1997). The Seventh Circuit has stated that where a court dismissed a federal claim and the sole basis for invoking federal jurisdiction is now nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir.2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims."); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir.1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts."); *Timm v. Mead Corp.,* 32 F.3d 273, 277 (7th Cir.1994)(stating that in exercising that

discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ."). We conclude that the retaliatory discharge claim could properly be dealt with by the state court and that such a result would promote the efficient usage of judicial resources. Thus, we dismiss the retaliatory discharge claim.


## II. Motion For Judgment on the Pleadings

Albano has filed a motion for judgment on the pleadings despite the fact that the pleadings were closed in December of 2004, and discovery has been completed in the instant action. The motion is not proper first of all because Albano consistently refers to evidence beyond the pleadings. *See Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 452 (stating that inquiry for motion for judgment on the pleadings is limited to the pleadings alone). To the extent that Albano intended the motion to be a motion for summary judgment the motion is stricken as improper for failing to comply with Local Rule 56.1 and file an accompanying statement of material facts. We also note that the motion also fails to provide any reason, or point to any pleadings or evidence that shows that the court should find in his favor. Therefore, we deny Albano's motion for judgment on the pleadings.

## CONCLUSION

Based on the foregoing analysis, we grant Roadway's motion for summary judgment and deny Albano's motion for judgment on the pleadings. We dismiss the remaining state law retaliatory discharge claim (Count III) without prejudice.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   August 25, 2005